E-FILED
Monday, 01 November, 2021  12:35:24 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1357-JES-JEH |
| | ) | |
| VILLAGE OF MINIER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant's Motion (Doc. 17) to Dismiss Plaintiff's Amended Complaint. Plaintiff has failed to respond. For the reasons set forth below, Defendant's Motion (Doc. 17) is granted. Plaintiff may file an amended complaint consistent with this Order within 21 days.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint, which the Court accepts as true for the purposes of a motion to dismiss. Doc. 16; *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). On September 1, 2020, Kenneth Simmons requested (details such as how he submitted his request, to whom, and at what time, are not included in the pleading) to address the Minier Board of Trustees during their board meeting scheduled to be held the same day. The board meeting was held at Good Shepard Lutheran Church in Minier, Illinois. Facts supplied in Defendant's Response reveal the board meetings were held at the church temporarily to allow for social distancing during the COVID-19 pandemic, but board meetings have returned to Village Hall since June 2021. Doc. 17 at 10. Plaintiff also claims that the Illinois Attorney General's Office's Disability Rights Bureau

informed Minier that using non-government buildings not compliant with the ADA violates the ADA and state law. However, the exhibit Plaintiff attaches to his pleading does not support that proposition. *See* Doc. 16 at 5.

With respect to the handicap parking spaces at the church, Plaintiff alleges the two handicap spaces are located on a hill, causing his vehicle door to close shut and preventing Plaintiff from exiting his vehicle. Another handicap parking space was located behind the church, but it did not have an access aisle as required by the ADA and which is needed for Plaintiff to use his mobility device. Because of this, Plaintiff was unable to attend the board meeting. Plaintiff wishes to return to address the board when the board meetings are held in a location that complies with the ADA. As relief, Plaintiff requests injunctive relief and monetary damages.

### LEGAL STANDARD

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citing *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature

of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### DISCUSSION

In Minier's Motion to Dismiss, it argues Plaintiff's Amended Complaint should be dismissed because: (1) Simmons failed to timely serve his lawsuit on Minier; (2) Plaintiff lacks standing to obtain prospective injunctive relief; and (3) Plaintiff did not plead sufficient facts to entitle him to damages because he fails to plead Minier acted intentionally. Doc. 17.

The first basis for which Minier seeks dismissal is summarily denied. As the Court already stated in its March 18, 2021 Text Order, the Court will not dismiss this case for untimely service because that delay is either substantially or entirely the result of the Marshal Service's delay, not Plaintiff's.

Minier's second basis for dismissal stems from the fact Plaintiff seeks prospective injunctive relief requiring ADA compliant parking at the church, but the location of board meetings has since reverted back to Village Hall. In order to establish standing for prospective injunctive relief, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Here, Defendant has asserted the church is no

3

longer being used for village meetings and it is exceedingly unlikely meetings will return to the church. Further, Plaintiff has not opposed or otherwise responded to Defendant's Motion. Litigants, both pro se and counseled, waive arguments by failing to respond to alleged deficiencies in a motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's request for prospective injunctive relief.

Finally, Defendant argues Plaintiff's allegations are insufficient to establish Defendant's conduct was intentional or done with deliberate indifference. Compensatory damages are available under both the ADA and the Rehabilitation Act, but only for intentional conduct. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2015); *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). Intentional conduct may be established by showing deliberate indifference. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 863 (7th Cir. 2018) ("We now agree with the majority of courts that have spoken on the question and hold that a plaintiff can establish intentional discrimination in a Title II damage action by showing deliberate indifference. Specifically, we adopt the two-part standard applied by most other courts, requiring both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) 'a failure to act upon that likelihood.'") (quotations omitted). Here, Simmons alleges he requested to address the Minier Board of Trustees on September 1, 2020, but that allegation is insufficient to allege knowledge or intent because it does not include critical information such as when the request was sent, who it was sent to, or the content of the message. Accordingly, Defendant's Motion is granted. Plaintiff is granted leave to file amended pleading consistent with this Order within 21 days of this Order. Any amended pleading Plaintiff files must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff is admonished that

his failure to respond to an opposing party's motion will result in a finding that the motion is unopposed and may result in dismissal of this action with prejudice. Any requests for extensions of time by any party must include a representation that the movant first sought agreement from the opposing party.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 17) to Dismiss Plaintiff's Amended Complaint is granted. Plaintiff may file an amended complaint consistent with this Order within 21 days.

Signed on this 1st day of November, 2021.

s/ James E. Shadid
James E. Shadid
United States District Judge