UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1357-JES-JEH |
| | ) |
| VILLAGE OF MINIER, | ) |
| | ) |
| Defendant. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendant's Motion (Doc. 21) to Dismiss Plaintiff's Amended Complaint and Plaintiff's Response (Doc. 23) thereto. For the reasons set forth below, Defendant's Motion (Doc. 21) is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint, which the Court accepts as true for the purposes of a motion to dismiss. Doc. 20; *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). On August 19, 2020, Plaintiff sent an email to the Village stating "address board at next meeting." Doc. 20 at 1, 3. The board meeting was held at Good Shepard Lutheran Church in Minier, Illinois temporarily to allow for social distancing during the COVID-19 pandemic, but board meetings returned to Village Hall since June 2021. When Plaintiff, who is disabled, arrived at the church, he was not able to park in any of the three handicap parking spaces because they did not comply with the ADA. Specifically, Plaintiff alleges the two handicap spaces are located on a hill, causing his vehicle door to close shut and preventing Plaintiff from exiting his vehicle. Another handicap parking space was located behind the church, but it did not have an access aisle as required by the ADA and which is needed for

1

Plaintiff to use his mobility device. Because of this, Plaintiff was unable to attend the board meeting. Plaintiff alleges that if future meetings were held at ADA-compliant buildings with ADA-compliant parking he would return to address the board. As relief, Plaintiff requests the Court find the Village denied Plaintiff access to the board meetings, find the Village violated the ADA, order the Village to hold meetings at ADA-compliant buildings with ADA-compliant parking, award him costs, and enter declaratory judgment in his favor. *Id.*

## LEGAL STANDARD

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citing *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements

of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

In the Court's prior Order, it granted Defendant's motion to dismiss. *See* Doc. 19. With respect to Plaintiff's claim for injunctive relief, the Court reasoned:

> Minier's second basis for dismissal stems from the fact Plaintiff seeks prospective injunctive relief requiring ADA compliant parking at the church, but the location of board meetings has since reverted back to Village Hall. In order to establish standing for prospective injunctive relief, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Here, Defendant has asserted the church is no longer being used for village meetings and it is exceedingly unlikely meetings will return to the church. Further, Plaintiff has not opposed or otherwise responded to Defendant's Motion. Litigants, both pro se and counseled, waive arguments by failing to respond to alleged deficiencies in a motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's request for prospective injunctive relief.

Doc. 19 at 3-4. After the Court allowed Plaintiff to amend his complaint once again, Defendant now moves to dismiss Plaintiff's claim for injunctive relief because the church is no longer being used for board meetings, and because Plaintiff waived any argument in favor of injunctive relief by not responding to Defendant's prior motion to dismiss raising that issue. Doc. 21 at 5. Defendant is correct. The board meetings were temporarily moved to the church at the beginning of the COVID-19 pandemic to facilitate social distancing. There is no indication anywhere in the record that board meetings will take place at the church in the future, and Plaintiff's prior silence

3

in response to Defendant's motion amounted to a waiver of this issue. Accordingly, Plaintiff's claim for injunctive relief is denied without leave to amend.[1]

Next, Defendant argues Plaintiff has not pled intentional discrimination under Title II of the ADA or that Defendant acted with deliberate indifference. Doc. 21 at 6. In the Court's prior order, it stated:

> Finally, Defendant argues Plaintiff's allegations are insufficient to establish Defendant's conduct was intentional or done with deliberate indifference. Compensatory damages are available under both the ADA and the Rehabilitation Act, but only for intentional conduct. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2015); *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). Intentional conduct may be established by showing deliberate indifference. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 863 (7th Cir. 2018) ("We now agree with the majority of courts that have spoken on the question and hold that a plaintiff can establish intentional discrimination in a Title II damage action by showing deliberate indifference. Specifically, we adopt the two-part standard applied by most other courts, requiring both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) 'a failure to act upon that likelihood.'") (quotations omitted). Here, Simmons alleges he requested to address the Minier Board of Trustees on September 1, 2020, but that allegation is insufficient to allege knowledge or intent because it does not include critical information such as when the request was sent, who it was sent to, or the content of the message.

Doc. 19 at 4. Plaintiff's Second Amended Complaint now alleges he sent the Village an email on August 19, 2020 requesting to address the board. Doc. 20 at 1. Plaintiff also attached the August 19, 2020 email to his Second Amended Complaint, and thus the Court may consider it when ruling on Defendant's Motion to Dismiss. Doc. 20 at 3. That email is concise—it is titled "Address board" and the body of the email states "at next meeting." Defendant argues nothing about the August 19, 2020 email provided advance notice to the recipient that Simmons would need special accommodations to address the board at the September 1, 2020 board meeting, or

---

[1] Defendant asks the Court do dismiss this claim with prejudice (Doc. 21 at 5), but a dismissal for lack of standing is an issue of subject matter jurisdiction. Where the Court lacks subject matter jurisdiction, dismissals are necessarily without prejudice.

that the recipient even knew about Simmons' disability. Doc. 21 at 7. As previously stated, compensatory damages under the ADA and Rehabilitation Act are only available for intentional conduct. Doc. 19 at 4. Here, in his Response to Defendant's Motion to Dismiss, Plaintiff asserts he is not requesting compensatory damages. Doc. 23 at 1 ("FURTHER Defendant argues against actual damages EVEN THOUGH I DID NOT REQUEST THEM[.]"). Because Plaintiff's August 19, 2020 email was insufficient to place Defendant on notice of his disability, and separately, because Plaintiff now disclaims any compensatory damages, this claim is dismissed with prejudice. Because no other claims are present in Plaintiff's Second Amended Complaint, this action is dismissed.[2]

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 21) to Dismiss Plaintiff's Amended Complaint is granted. The Clerk is directed to close the case and enter judgment dismissing Plaintiff's claim for injunctive relief for lack of subject matter jurisdiction and dismissing Plaintiff's claim for compensatory damages with prejudice.

Signed on this 3rd day of February, 2022.

s/ James E. Shadid
James E. Shadid
United States District Judge

---

[2] To the extent Plaintiff's Second Amended Complaint contains claims beyond injunctive relief and compensatory damages under the ADA and Rehabilitation Act, those claims exceed the scope of the leave the Court granted to him to amend and therefore the Court does not consider them. *See* Doc. 19 at 4 ("Plaintiff is granted leave to file an amended pleading *consistent with this Order*.") (emphasis added).