E-FILED
Friday, 20 May, 2022  02:38:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1357-JES-JEH |
| | ) | |
| VILLAGE OF MINIER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant's Fed. R. Civ. P. 11 Motion for
Sanctions and for attorney's fees under the Americans with Disabilities Act ("ADA"). (Doc. 26).
Plaintiff has responded and Defendant, with leave of Court, has filed a reply. Plaintiff
subsequently filed (Doc. 30) which is captioned "Motion for Sanctions," but which appears to be
a sur-reply to Defendant's Motion for Sanctions. For the reasons set forth below, Defendant's
Motion (Doc. 26) is granted in part and denied in part, with Defendant to file an itemized
accounting. To the extent (Doc. 30) is construed as a sur-reply, it is denied.

### BACKGROUND

Plaintiff, who has been granted *in forma pauperis* status and is proceeding pro se, filed
his initial complaint on October 19, 2020. Plaintiff pled, in relevant part, that the Village of
Minier ("Minier"), violated the ADA when it temporarily moved its board meetings to the Good
Shephard Lutheran Church ("Church") in Minier, Illinois to accommodate Covid-related social
distancing. Plaintiff, who is disabled, travelled to the Church for a September 1, 2020 board
meeting but was unable to park in any of the three handicap parking spaces because they were
allegedly not ADA-compliant. Plaintiff requested relief in the form of costs, plus such additional
relief as necessary to make him "whole." Defendant responded with a motion to dismiss (Doc.

1

9), which construed the requested relief as one for money damages under the ADA. Plaintiff responded, and did not deny this characterization.

Defendant's motion to dismiss asserted, in part, that Plaintiff could not proceed in an ADA claim for money damages as he had not pled intent or deliberate indifference by Minier. That is, Minier knew Plaintiff was disabled, knew of the inaccessible parking, and knew that it would prevent Plaintiff attending the meeting. Defendant also asserted Plaintiff could not proceed on the ADA claim for injunctive relief as to a single meeting where he had not alleged that other meetings would be held at the Church, and he intended to appear there. Plaintiff filed a response (Doc. 15), affirmatively stating that he was requesting $1000 in actual damages and that it was his intent to attend future board meetings. Plaintiff also requested, and was granted, leave to amend.

On June 7, 2021, Plaintiff filed an amended complaint where he largely repeated the allegations of his prior complaint, including, "On 9-1-2020, Plaintiff requested to address the Minier board of trustees during their board meeting." (Doc. 1 at par. 1) (Doc. 16 at par. 3). Plaintiff requested $1,000 as damages, but again failed to plead that Minier had notice of the parking issue so as to be liable for compensatory damages under the ADA. Plaintiff also pled that he intended "to return to address the board if and when the board meetings are ADA complaint." (Doc. 16 par. 16).

Defendant filed a Motion to Dismiss the amended complaint (Doc. 17), reasserting that Plaintiff could not obtain money damages under the ADA where he failed to plead that Defendant were aware of, and deliberately indifferent to the parking issue. Defendant also provided the affidavit of Minier Mayor Neill Keneipp, attesting that as of June, 2021, the board meetings were once again being held at the Village Hall. Defendant asserted that this defeated

any claim for prospective injunctive where Plaintiff had not pled the likelihood that the meetings would, again, be held at the Church.

Plaintiff did not respond to this motion to dismiss, and the Court dismissed the amended complaint, finding that the allegations "were insufficient to establish Defendant's conduct was intentional or done with deliberate indifference" for purposes of ADA compensatory damages. *Id*. at 4. The Court also found that Plaintiff waived the claim for injunctive relief when he did not respond or assert a likelihood that the meetings would be held at the Church at a future date. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (finding that a litigant waives an issue which is the subject of a motion to dismiss if he does not respond to it). The Court granted Defendant's motion to dismiss and dismissed the request for injunctive relief with prejudice. (Doc. 19 at 4). Plaintiff was given leave to replead, and cautioned that a second amended complaint was to comply with the instruction provided in the order and was to comply with the Federal and Local Rules.

On November 22, 2021, Plaintiff filed a second amended complaint, requesting costs and such relief as to make him whole. Rather than repeating the allegations of the prior two pleadings, that on September 1, 2020 he had asked to address the board; he pled that on August 19, 2020, he sent an email requesting to address the board. [Doc. 20 at par. 3]. The attached email entirely consisted of two sentence fragments: "Address board" "At next meeting." This, of course, was not materially different from the allegations in his two prior complaints, as it did not provide notice to Minier that Plaintiff was disabled, had encountered an issue with the handicapped-accessible parking at the Church, and wished to address the board on this issue. (Doc. 20 at 3). Plaintiff also reiterated his request for injunctive relief, asking that the Court order that Minier only conduct meetings at ADA-complaint facilities with ADA-compliant parking.

3

The Court makes note here, that despite Plaintiff's claim that the August 19, 2020 email served notice on Minier, Plaintiff does not plead that even he was aware, on August 19, 2020, that the Church's handicapped parking was inadequate, so as to have recognized this issue at the time the email was sent. Plaintiff had pled in his three complaints that he encountered this problem on September 1, 2020, when he tried unsuccessfully to exit his car for the board meeting, not that he had encountered it before.

Defendant moved to dismiss the second amended complaint (Doc. 21), noting, while Plaintiff did not reiterate his requests for $1000 in actual damages, he appeared to seek money damages, requesting relief which would make him whole. Defendant reiterated that Plaintiff had not pled intentional conduct by Minier, for it to be liable for money damages under the ADA. Defendant also addressed Plaintiff's repled claim for injunctive relief, asserting Plaintiff's general failure to allege that future board meetings would revert to the Church and the Court's prior ruling that this issue had been waived.

Plaintiff filed a response (Doc. 23), generally asserting that his second amended complaint was adequate. He also disputed that he had requested money damage, asserting: "FURTHER, Defendant argues against actual damages EVEN THOUGH I DID NOT REQUEST THEM," and "I have not asked for actual damages…" (Doc. 23 1-2). On February 3, 2022, the Court entered an order finding Plaintiff had failed to plead intent for purposes of money damages under the ADA. To the extent that Plaintiff's response was credited as disavowing a claim for monetary relief, he was left only with a claim for injunctive relief which had been dismissed on November 1, 2021 due to waiver. The Court dismissed the second amended complaint with prejudice.

4

As noted, Plaintiff has filed a "Motion for Sanctions" (Doc. 30) which appears to be a sur-reply to Defendant's Motion for Sanctions. (Doc 26). Plaintiff asserts that he is poor, he is behind in his rent, he cannot pay utilities and that Defendant "cannot get blood out of a turnip." Plaintiff also asserts that he will file for bankruptcy and be unable pay the fees he owes to the Village of Minier, thus causing Defendant further economic injury. As (Doc. 30) is construed as a sur-reply, filed without leave, it is denied and was not further considered by the Court.

### DISCUSSION

Defendant notes that, as the prevailing party, it is entitled to reasonable attorney's fees, litigation expenses, and costs under §12205 of the ADA.[1] Defendant asks that Plaintiff be ordered to pay attorney's fees of $ 1,584.00, the costs incurred in drafting the Motions to Dismiss the amended and second amended complaints. In addition, Defendant asks that Plaintiff be sanctioned under Fed. R. Civ. P. 11 and the Court's inherent authority. Defendant asserts Plaintiff has a history of engaging in frivolous and vexatious litigation, having filed 42 lawsuits; and has made a campaign of "ADA lawsuits against small municipalities and unsuspecting property owners in central Illinois for alleged violations." (Doc. 26 at 7-8). Defendant asks that Plaintiff be sanctioned with a monetary penalty in the amount of the filing fee which was waived based on his *in forma pauperis* status; and a ban from filing any further lawsuits against Minier, or any other municipality, until the monetary penalties are paid in full.

#### ATTORNEY'S FEES UNDER THE ADA

The ADA provides the provision of attorney's fees at 42 U.S.C. § 12205:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs,

---

[1] A party winning a motion to dismiss is considered the prevailing party. *Adkins v. Briggs & Stratton Corp*., 159 F.3d 306, 307 (7th Cir. 1998).

and the United States shall be liable for the foregoing the same as a private
individual.

*Id*.

As noted, under § 12205, the court may in its discretion, award attorney's fees to the
prevailing party. Awarding attorney's fees is appropriate only when the suit is brought in bad
faith or when it is "frivolous, unreasonable, or without foundation. The mere fact that a plaintiff
loses his case is not a sufficient justification for the assessment of fees against him." *Baaske v.
City of Rolling Meadows*, 191 F. Supp. 2d 1009, 1018 (N.D. Ill. 2002) (citing *Vitug v. Multistate
Tax Comm'n,* 883 F.Supp. 215, 218 (N.D. Ill. 1995)). The Court does not find that Plaintiff's
ADA claim, when initially filed, was brought in bad faith, or evidenced frivolousness. The Court
finds differently, however, as to Plaintiff's persistence in filing a second amended complaint
where two materially identical prior complaints had been dismissed, as discussed below.

### SANCTION UNDER RULE 11 AND THE COURT'S INHERENT AUTHORITY

When a party files pleadings with the court he certifies that to the best of his belief, his
"claims, defenses, and other legal contentions are warranted by existing law ..." Fed. R. Civ. P.
11(b)(2). Rule 11 "appl[ies] to anyone who signs a pleading, motion or other paper[,]" including
pro se parties. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (assessing
attorney's fees against pro se litigant for asserting a frivolous claim). In addition, the Court has
the power, under its inherent authority, to sanction a party who engages in vexatious litigation.
*Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).

Plaintiff was apparently unable to plead facts to support that Minier had notice of the
Church's allegedly non-compliant parking, but nonetheless filed a second amended complaint
repeating the same uncorrected defect. *See Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010)
(quoting *Neitzke v. Williams*, 490 U.S. 319, 328) (1989) ("An action has no arguable legal basis

when the defendant is immune from suit or when plaintiff claims a violation of a legal interest

which clearly does not exist."). While Plaintiff disavows requesting money damages in his

second amended complaint, Plaintiff does not explain what other relief would make him whole,

and did not dispute it when a prior identical request had been construed as one for money

damages.

In addition, Plaintiff repled a claim for injunctive relief which had been previously

dismissed with prejudice. *See Dix v. Edelman Fin. Services, LLC*, 978 F.3d 507, 521 (7th Cir.

2020), cert. denied, 141 S. Ct. 2658 (2021), *reh'g denied*, 141 S. Ct. 2890 (2021) (finding "that

pro se litigants are not excused from the monetary sanctions available under Federal Rule of

Civil Procedure 11…") *See also, Mohammed v. Anderson*, 833 Fed. Appx. 651, 655 (7th Cir.

2020), cert. denied, 141 S. Ct. 1242 (2021) (finding it proper to assess attorneys' fees against pro

se plaintiff who exhibited bad faith and willful misconduct).

The Court notes that the specter of sanctions is not new to Plaintiff as he had been

threatened with sanctions in *Simmons v. Hackney*, No. 16-1100 (C.D.Ill. Apr. 20, 2016) and

sanctioned in *Simmons v. Stockstill*, No. 10-02167, 2010 WL 3938193, at *9 (C.D. Ill. Oct. 4,

2010) (dismissing complaint with prejudice under Rule 11). There, the court found that Plaintiff

Simmons' complaint which relied on facts previously dismissed in an earlier case was barred by

*res judicata*. The court found:

> Plaintiff's complaint appears to be patently without merit and designed to harass
> Defendants, to cause the unnecessary burden of defense of a patently malicious
> lawsuit, and to vexatiously and contumaciously multiply proceedings that are a
> waste of judicial resources. Plaintiff's claims against most Defendants are clearly
> barred by res judicata or a statu[t]e of limitations notwithstanding the artful
> pleading that attempts to now claim a conspiracy.

*Id*. at *3.

The Court finds Plaintiff's serial pleading of essentially identical and insufficient claims was vexatious and malicious. The Court notes that Defendant was obligated to incur attorney's fees to respond to successive pleadings reasserting claims previously dismissed. Defendant requests reimbursement of the attorney's and paralegal fees associated with the motions to dismiss both the amended and second amended complaints.

The Court is cognizant of Plaintiff's pro se status, however, and does not find his behavior necessarily vexatious or malicious until the filing of the second amended complaint, as then he was clearly on notice of the deficiencies and, still, pled them a third time. "[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed...." *Ghosh v. Lindley*, 4 F.3d 996 (7th Cir. 1993) (citing *Bacon v. American Federation of State, County and Municipal Employees Council, # 13,* 795 F.2d 33, 35 (7th Cir. 1986)).

The Court grants Defendant's Motion (Doc. 26), to the extent that it will assess reasonable attorney's fees against Plaintiff for those amounts incurred in the filing of the third motion to dismiss (Doc. 21). The motion is otherwise denied. Defense counsel is, within 14 days of this order, to submit an itemized account of the time spent and amounts owed for drafting that particular motion. Plaintiff will have 14 days thereafter in which to respond.

**IT IS THEREFORE ORDERED:**

1.      The Court grants Defendant's Motion (Doc. 26), to the extent that it will assess against Plaintiff the reasonable attorneys' fees incurred for the filing of the third motion to dismiss (Doc. 21), with that amount to be determined after Defense counsel submits an itemized account. Plaintiff will have 14 days thereafter in which to respond.

2.      Plaintiff's filing incorrectly captioned as a Motion for Sanctions (Doc. 30), is denied.

8

Signed on this 20th day of May, 2022.


                                        s/James E. Shadid
                                    JAMES E. SHADID
                                    UNITED STATES DISTRICT JUDGE